## WINDERS, ESTATE of, In re.

Ohio Appeals, Seventh District, Noble County.

No. 134.  Decided 1945.

Leasure & Walters, Zanesville, for appellants.
E. P. McGinnis, Caldwell, for appellee estate.

## OPINION

By CARTER, J.

This is an appeal on questions of law directly from the Probate Court.

The operative facts are substantially as follows:

354

Anna Winders died testate, a resident of Noble County, Ohio, on or about September 27, 1943. The appellants, Pauline Hutcheson, Harry C. Summers, Sr., James Summers, Summers Lofland, Clarence S. Ray, Leander P. Ray, and Verrina Wilson, are the sole beneficiaries and legatees of her esttae. B. B. Wheeler was appointed executor of her estate on November 2, 1943, under the terms of the will. B. B. Wheeler is an undertaker by profession and prior to his appointment he conducted the funeral service and made his own burial arrangements for her. On or about March 29, 1944, he filed his schedule of claims with the Probate Court as Executor in which his claim was not included. On or about September 29, 1944, said executor presented a claim to the probate court on his own behalf requesting allowance of $600.57 for funeral expenses, which he incurred in burying the decedent. Notice of the time of the hearing on his claim was advertised in the Noble County Leader and the matter came on to be heard at the time specified therein. All of the beneficiaries and next of kin were represented by counsel at the hearing, who objected to the allowance of the claim for the reason that the same was not presented within three months after the appointment of the executor, and in fact not until after ten months had elapsed from the date of the executor's appointment. The court allowed the executor the sum of $350.00.

It is the contention of appellants that the probate court was without authority to allow any sum to the executor on his claim due to the fact that it was not presented in accordance with the statutes in such cases made and provided. The administration of estates in this state is governed by statutes and claims of an executor against an estate are handled in a different manner from ordinary claims of creditors. **Sec. 10509-112 GC,** is the statute dealing with presentation of claims by creditors generally. Such claims must be presented to the executor or administrator within four months after the date of the executor's appointment. As to claims of an executor or administrator, §10509-105 provides that no part of the assets of the deceased shall be retained by an executor or administrator in satisfaction of his own debt or claim until it has been proved to and allowed by the probate court. Such debt is not entitled to preference over others of the same class. **Sec. 10509-106** provides that an executor or administrator within three months after the date of his appointment shall present any claim or claims which he may have against the estate to the probate court for allowance and such claim shall not be paid unless allowed by the court. The statute further provides what must be done with reference to notifi-

cation where the amount involved is $50.00 or more. **Sec. 10509-108** provides that upon the hearing as to allowance of such debt or claim exceptions may be taken to a decision of the court upon a matter of law by any person affected thereby. Bills of exceptions may be taken and allowed and proceedings in error had after a final order or judgment as is provided in other cases. **Sec. 10509-109** provides for appeal on claims by executor or administrator for debt or claim to the common pleas court; and §10509-110 provides in appeals from the probate to the common pleas court the matter so appealed must be tried and decided in like manner and so near as applicable the proceedings be the same as if the common pleas court had original jurisdiction thereof, except that unless the court orders them, pleadings are not to be filed. These sections were not followed but an appeal on questions of law was prosecuted directly to the court of appeals. We think this was a proper procedure and in line with the holding of the Supreme Court in the case of **State of Ohio v Allen and Williams, 117 Oh St 470.** The appeal is designated an appeal on questions of law and fact. This is not a chancery proceeding and "fact" is stricken from the notice of appeal on questions of law.

The question raised has given this court some concern due to holdings in various jurisdictions that claims and obligations arising after the death of an individual need not be presented but only claims arising out of obligations binding upon deceased at the time of his death. The will also provides for payment of funeral expenses. Some courts have made a distinction in a situation where there is a testimentary provision to this effect. In this state the claims of an executor against an estate shall be presented to the probate court for allowance, and such claims shall not be paid unless allowed by the court. It is therefore clearly apparent that in this state a claim of an executor need not be presented to the executor but to the probate court. The probate court found that the claim for funeral expenses had not been presented to that court as provided in §10509-106 GC, and also found that the claim was not presented to the court within nine months from the date of his appointment. However, the court did allow $350.00 of a claim of $600.57 funeral expenses. **Sec. 10509-134** as amended in August, 1941, makes provision for the right of a claimant to petition in the probate court for authority to present his claim after the expiration of the time for presentation of claims as prescribed by law. It is doubtful whether this section has any application to the filing of a claim by an executor or administrator as this section

deals with a case where a claimant has failed to present his claim to the executor or administrator within the time prescribed by law and as has already been indicated, an executor files his claim not with the executor or administrator but with the probate court. However that may be, the executor in this case did not present his claim to the probate court within nine months as provided in said section. Sec. 10509-121, the section which provides the order in which debts are to be paid, was amended in August, 1941, wherein some changes were made in this section. This amended section provides that every executor or administrator shall proceed with diligence to pay the debts of the deceased and shall apply the assets in the following order: First, costs and expenses of administration; second, bill of funeral director not exceeding $350.00, such funeral expenses other than the bill of the funeral director as are approved by the court and the expenses of the last sickness. Sub-section 8 of this section in part provides that the provisions of this chapter relating to the manner in which and the time within which claims shall be presented shall apply to claims of the nature set forth in classes 2 and 6 of this section. Claims for an expense of an administrator and for the allowance for support for twelve months need not be presented. The executor or administrator shall pay debts included in classes 4 and 5 of this section of which of which he has knowledge regardless of presentation. It will be observed that the provisions of this chapter relating to the manner in which and the time within which claims shall be presented shall apply to claims of the nature set forth in classes 2 and 6. Class 2 provides for bill of funeral director. There are some comments following this section. Among the comments found is the following: Claims in classes 2 and 4 must be presented; claims in classes 1 and 3 need not be presented; claims in classes 4 and 5 must be paid if the executor or administrator has knowledge of their existence whether presented or not.

As hereinbefore indicated §10509-106 GC, provides that an executor or administrator within three months after the date of his appointment shall present any claim or claims which he may have against the estate to the probate court for allowance, and such claims shall not be paid unless allowed by the court. It appears to us that the claims referred to therein have reference to claims due him by decedent at the time of his death, and have not application to funeral director's bill only in excess of $350.00. Sec. 10509-121 GC.

We have searched in vain to find any provisions of the statute which bar an executor's right to payment in case no presentation is made to the probate court as provided in

§10509-106 GC, such as we find in §10509-133 GC, wherein general creditors fail to present their claims to the executor or administrator. However, we do find a statute, §10509-193 GC, which in part provides that executors may be allowed such further allowance as the court considers just and reasonable for actual and necessary expenses, and for extraordinary services not required of an executor or administrator in the common course of his duty. Certainly the burial of decedent was a necessary expense following her demise, an obligation which accrued subsequent to her death. We are of the view that this section has application to the question involved, and that the probate court committed no error in allowing the claim in the amount of $350.00. Surely as a matter of morals, justice and right these beneficiaries under the will should harly expect the executor to pay this expense out of his own pocket and they benefit thereby to this extent. The original bill was $600.57.

.This court in the case of Lynn, Appellant, v Smith, Administrator, Appellee, a case which arose in Geauga County which has not been published, and decided March 10, 1944, determined a situation involving the same principle as herein raised. While funeral expenses were not involved in that case the principle announced in our judgment is applicable here.

Judgment affirmed.

NICHOLS, P. J., & PHILLIPS, J., concur in judgment.